UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL T. HAYES,<br><br>          Plaintiff,<br><br>  v.<br><br>RACHEL NETTLES; MICHAEL MONTGOMERY; and CHARLES JOHANNESSEN,<br><br>          Defendants. | Case No. 1:16-cv-00534-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff Michael T. Hayes, a prisoner in the custody of the Idaho Department of Correction (IDOC), is proceeding pro se and in forma pauperis in this civil rights action. Pending before the Court is Defendants' Motion to Dismiss, or in the Alternative, Motion for Additional Screening Pursuant to 28 U.S.C. §§ 1915, 1915A. (Dkt. 17.) Also pending are a Motion to Stay and two Motions for Sanctions filed by Plaintiff. (Dkt. 13, 27, 31.)

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary. Accordingly, because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on

**MEMORANDUM DECISION AND ORDER - 1**

the record before this Court without oral argument. D. Idaho Loc. Civ. R. 7.1. Accordingly, the Court enters the following order denying all pending motions.

## BACKGROUND

Plaintiff's initial pleading in this case was entitled "Felony Criminal Complaint." Because a private citizen does not have the authority to institute a federal criminal action, the Court has construed the pleading as a civil rights complaint against prison officials under 42 U.S.C. § 1983.

Plaintiff claims that, while he was incarcerated at Idaho Maximum Security Institution, Defendant Correctional Officers Nettles, Montgomery, and Johannessen severely beat Plaintiff, causing serious injuries. According to Plaintiff, the beating continued even after Plaintiff was "on the concrete floor with his hands and arms handcuffed behind his back." (Compl., Dkt. 1, at 2.)[1] Plaintiff was allowed to proceed on his Eighth Amendment excessive force claims based on this incident.

## PLAINTIFF'S MOTIONS TO STAY AND FOR SANCTIONS

**1.  Plaintiff's Motion to Stay**

Plaintiff asks that the Court stay this action "until a proper civil rights complaint and demand for jury trial can be filed in this case." (Dkt. 13 at 1-2.) However, because the Court has already construed Plaintiff's initial pleading as a civil rights complaint, the Motion to Stay is moot.

---

[1] The Complaint asserted other claims as well, but Plaintiff was not allowed to proceed on those claims. (Dkt. 11.) *See* 28 U.S.C. §§ 1915, 1915A.

**MEMORANDUM DECISION AND ORDER - 2**

## 2. Plaintiff's Motions for Sanctions

In support of their Motion to Dismiss or for Additional Screening, Defendants attached what is purportedly a copy of a printout from Ada County's iCourt online database; Defendants later submitted what is purportedly an updated printout when they submitted their reply brief in support of their Motion. Both of these printouts included Plaintiffs' date of birth and social security number, in violation of Rule 5.2 of the Federal Rules of Civil Procedure. (Dkt. 17, 23.) Counsel for Defendants states that counsel's failure to redact these items of information was a result of inadvertence and unfamiliarity with the relatively new iCourt Database.[2] (Dkt. 30 at 2-3.)

Plaintiff then filed his first Motion for Sanctions under Rule 11(b). (Dkt. 27.) When the Motion was filed, Defendants' counsel realized for the first time that the printouts had been filed in violation of Rule 5.2, and counsel immediately took steps to remedy the situation. Upon counsel's request, the Clerk of Court sealed the documents that contained Plaintiff's personal information, and counsel for Defendants refiled redacted versions of the printouts. (Dkt. 25, 26.) Plaintiff filed a second Motion for Sanctions, again based on Defendants' failure to redact Plaintiff's personal information from the exhibits to Defendant's Motion to Dismiss and their reply brief in support of that Motion.

---

[2] The federal system's CM/ECF system does not allow the public, including attorneys, access to the personal information identified in Rule 5.2. Counsel did not realize that—unlike the federal system—Ada County's iCourt database does allow attorneys such access. It appears counsel either assumed that Plaintiff's personal information would not be included on the printout, or did not think to check.

**MEMORANDUM DECISION AND ORDER - 3**

It is undisputed that Defendants' filings violated Rule 5.2. However, the Court finds that sanctions are not appropriate. Rule 11(b)(1) provides that, by signing any document filed with the Court, counsel (or an unrepresented party) certifies that the document "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Defendants' counsel acknowledges that the failure to redact the information was improper, but there is no evidence that including the information was a result of anything other than mistake or neglect. Although a review of the exhibit prior to filing should have alerted counsel to the problem, counsel did not intentionally file the document in violation of Rule 5.2 or for any other improper purpose. Therefore, the Court declines to impose sanctions under Rule 11.

## DEFENDANTS' MOTION FOR ADDITIONAL SCREENING

### 3. Standard of Law

To survive a motion to dismiss under Federal Rule of Civil Procedure 12, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is appropriate if there is a lack of any cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A complaint fails to state a claim for relief if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

**MEMORANDUM DECISION AND ORDER - 4**

*Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court generally should not consider materials outside the complaint and pleadings. *See Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997). However, the court may consider attachments to the complaint and any document referred to in (even if not appended to) the complaint, where the authenticity of such a document is not in question. *Id.* at 622-23. A court may also take judicial notice of matters of its own records, *In re Korean Air Lines Co., Ltd., Antitrust Litigation*, 642 F.3d 685, 689 n.1 (9th Cir. 2011), and public records, such as records and reports of administrative bodies, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (explaining that a court may judicially notice matters of public record unless the matter is a fact subject to reasonable dispute).

In the alternative to dismissal for failure to state a claim under Rule 12(b)(6), Defendants also request additional screening pursuant to 28 U.S.C. §§ 1915 and 1915A. Those statutes require the Court to review complaints filed in forma pauperis, or complaints filed by prisoners seeking relief against a governmental entity or an officer or

**MEMORANDUM DECISION AND ORDER - 5**

employee of a governmental entity, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

**4.     Discussion**

Defendants argue that *Heck v. Humphrey* bars Plaintiff's civil rights claims in this action. In *Heck*, the Supreme Court held that a civil rights claim that would "render a conviction or sentence invalid . . . is not cognizable under § 1983." *Id*. As a result, if a favorable verdict in a civil rights action would necessarily imply the invalidity of a plaintiff's conviction, the plaintiff must first prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. As the Supreme Court later clarified, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Defendant's Motion to Dismiss or for Additional Screening based on *Heck v. Humphrey* must be denied, for two reasons. First, Plaintiff's claims against Defendants Montgomery and Johannessen are clearly not implicated by Plaintiff's conviction for

**MEMORANDUM DECISION AND ORDER - 6**

battering Defendant Nettles. Plaintiff was found not guilty of battering Defendant Johannessen, and he apparently was never charged with battering Defendant Montgomery.

Second, Defendant Nettles has not established that Plaintiff's excessive force claim against her would, if successful, necessarily imply the invalidity of Plaintiff's battery conviction. The only judicially-noticeable documents submitted in support of Defendants' Motion are (1) the criminal complaint charging Plaintiff with battery against Nettles and Johannessen, and (2) the verdict form, showing that Plaintiff was found guilty of battery against Nettles, but not guilty of battery against Johannessen. These documents establish only that Plaintiff was convicted of battery against Defendant Nettles.

The timing of the battery in relation to any force applied by Nettles is important but unclear. Plaintiff's allegations that Defendants continued to beat him after he was restrained and on the ground—and, therefore, likely *after* Plaintiff committed the crime of battery against Nettles—do not call into question the validity of that battery conviction. *See Smith v. City of Hemet*, 394 F.3d 689, 695-99 (9th Cir. 2005) (en banc) (recognizing that a plaintiff's excessive force claim may not be barred by *Heck* where plaintiff has been convicted of resisting arrest); *id*. at 693 ("Smith's § 1983 action is not barred by *Heck* because the excessive force may have been employed against him *subsequent to the time he engaged in the conduct that constituted the basis for his conviction*. In such circumstance, Smith's § 1983 action neither demonstrates nor necessarily implies the invalidity of his conviction.") (emphasis added); *Bachman v. Kuhn*, 168 F. App'x 245, 246 (9th Cir. Feb. 22, 2006) (unpublished) (relying on *Smith* in

**MEMORANDUM DECISION AND ORDER - 7**

holding that "[t]he district court erred by dismissing, on screening, [the plaintiff's] Eighth Amendment excessive force claim as barred under *Heck v. Humphrey*").

**5.     Conclusion**

On the current record, the Court cannot conclude that *Heck v. Humphrey* bars Plaintiff's excessive force claims.

This Order does not prohibit Defendants' from later renewing their *Heck* argument, at summary judgment, based on a more complete record.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Stay (Dkt. 13) is MOOT.

2. Defendants' Motion to Dismiss or, in the Alternative, Motion for Additional Screening Pursuant to 28 U.S.C. §§ 1915, 1915A (Dkt. 17) is DENIED without prejudice.

3. Plaintiff's Motions for Sanctions (Dkt. 27 and 31) are DENIED.

DATED: October 11, 2017

Edward J. Lodge
United States District Judge