UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF IDAHO

| MICHAEL T. HAYES, | |
|---|---|
| Plaintiff, | Case No. 1:16-cv-00534-DCN |
| v. | **MEMORANDUM DECISION AND ORDER RE: MOTION TO STRIKE** |
| RACHEL NETTLES; MICHAEL MONTGOMERY; AND CHARLES JOHANNESSEN, | |
| Defendants. | |

## I. INTRODUCTION

Pending before the Court is Plaintiff Michael T. Hayes' Motion to Strike. Dkt. 76. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For reasons set forth below, the Court DENIES Plaintiff's Motion to Strike.

## II. BACKGROUND

On December 12, 2016, Plaintiff Michael T. Hayes filed a Complaint alleging that, while incarcerated at Idaho Maximum Security Institution, Defendant Correctional Officers Rachel Nettles, Michael Montgomery, and Charles Johannessen (collectively

"Defendants") severely beat him, causing serious injuries.

On October 26, 2017, Defendants filed their answer to Hayes' Complaint.[1]

On May 10, 2019, the Idaho Court of Appeals vacated Hayes' state judgment of conviction for battery on a correctional officer and remanded the case back to the district court for a new trial. It did so on the grounds that the district court 1) erred in failing to issue subpoenas for two medical professionals upon Hayes' pre-trial request and 2) abused its discretion in admitting multiple instances of Hayes' prior conduct which necessarily affected the jury's perception of Hayes' credibility. *State v. Hayes*, No. 45601, 2019 BL 169904 (Idaho Ct. App. May 10, 2019).

On May 31, 2019, Hayes mailed to the Court the pending Motion to Strike. Dkt. 76. His motion was formally docketed on June 4, 2019.

### III. STANDARD OF REVIEW

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. *Sidney-Vinstein v. A.H. Robins* Co., 697 F.2d 880, 885 (9th Cir. 1983). A defense may be found "insufficient" as a matter of pleading or as a matter of substance. With respect to substantive insufficiency, a motion to strike a defense is proper "when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale*

---

[1] Hayes has since filed an amended complaint. Dkt. 54. Defendants did not file an amended answer to his amended complaint.

*Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). Rule 12(f) motions are "generally regarded with disfavor[.]" *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). *See also Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."). Whether to grant a motion to strike is within the courts' discretion. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).

## IV. DISCUSSION

Hayes seeks to strike Defendants' Third Affirmative Defense, which asserts that "Plaintiff's claims against Defendant Nettles are barred by the United State Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994)." Dkt. 36, at 3. He argues that this Third Affirmative Defense is legally insufficient in light of the Idaho Court of Appeals' May 10, 2019 decision.

Defendants contend that Hayes' motion to strike should be denied because it is untimely and premature. In its decision, the Idaho Court of Appeals vacated Hayes' state conviction and remanded the case back to the district court for a new trial for evidentiary reasons. Defendants argue that even if Hayes is acquitted, that would go to the factual support for the affirmative defense, but "does not make asserting it 'redundant, immaterial, impertinent, or scandalous.'" Dkt. 76, at 3 (quoting Fed. R. Civ. P. 12(f)).

1. Timeliness

Under Rule 12(f), a court may, on its "own" initiative at any time or "on motion made by a party either before responding to the pleading or, if a response is not allowed,

within 21 days after being served with the pleading," strike from a pleading an insufficient defense. Fed. R. Civ. P. 12(f). Here, Hayes' filed his motion to strike almost two years after Defendants filed their answer. While the Court agrees this motion was untimely, it understands that Hayes' reasons for filing this motion did not arise until May 10, 2019, when the Idaho Court of Appeals vacated his state conviction. There was no substantive delay from the decision to his filing of this motion. However, even if the Court were to hold Hayes' motion as timely, it would deny it on the merits.

### 2. Legal Sufficiency of Defense

In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486–87. Here, Defendants argue that *Heck* may preclude Hayes from succeeding in his § 1983 claim because the Supreme Court "has restricted opportunities for collateral attacks such as Mr. Hayes' excessive force claim" due to concerns of finality and judicial consistency. Dkt. 76, at 3.

At this time, the Court agrees *Heck* may be a relevant legal defense to Hayes' § 1983 claim excessive force claim. "[A] motion to strike which alleges the legal insufficiency of an affirmative defense will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support

of the defense." *Barnes v. AT & T Pension Ben. Plan–Nonbargained Prog.*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (internal quotations and citations omitted). Hayes' conviction was vacated, rather than reversed on direct appeal; a new trial has been ordered. It is not certain that Hayes would succeed regardless of the outcome of the state case in overcoming Defendants' defense. Thus, the Court denies his motion to strike the Defendants' Third Affirmative Defense.

## V. ORDER

IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Strike Defendants' Third Affirmative Defense (Dkt. 76) is **DENIED**.

DATED: October 29, 2019

---
David C. Nye
Chief U.S. District Court Judge