UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL T. HAYES,<br><br>    Plaintiff,<br><br>v.<br><br>RACHEL NETTLES, MICHAEL MONTGOMERY, CHARLES JOHANNESSEN, AND FELIX DIAZ,<br><br>    Defendants. | Case No. 1:16-cv-00534-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendants Rachel Nettles, Michael Montgomery, Charles Johannessen, and Felix Diaz's (collectively "Defendants") Motion to Amend Admissions by Default. Dkt. 80. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For reasons set forth below, the Court GRANTS Defendants' Motion.

## II. BACKGROUND

Hayes filed his pro se original complaint on December 12, 2016. Dkt. 1. After an

initial review, the Court permitted Hayes to proceed with some of his claims on March 6, 2017. Dkt 11.

Defendants then filed a motion to dismiss the case on May 4, 2017, arguing that some or all of Hayes' claims were barred by the doctrine in *Heck v. Humphry*, 512 U.S. 477 (1994). Dkt. 17. On October 11, 2017, the Court denied that motion (Dkt. 34) and set a scheduling order a few days later (Dkt. 35). Pursuant to that scheduling order, discovery was to close on April 11, 2018, and the dispositive motion deadline was May 9, 2018.

On December 19, 2017, Hayes filed a motion to amend his complaint to add additional defendants and additional claims. Dkt. 38. On May 9, 2018, Defendants filed a motion for summary judgment seeking dismissal of Hayes' original complaint. Dkt. 60. On September 27, 2018, the Court granted Hayes' motion to amend his complaint and dismissed Defendants' motion for summary judgment as moot. Dkt. 69. On March 26, 2019, the Court reviewed the amended complaint and permitted Hayes to proceed against one additional defendant (Felix Diaz) and on one additional claim (due process). Dkt. 70.

Hayes subsequently filed a motion to reopen discovery related to the new claim on April 10, 2019. Dkt. 71. Defendants' counsel received a letter from Hayes containing discovery requests on August 12, 2019. Two days later, on August 14, 2019, the Court granted Hayes' motion to reopen discovery and entered a new scheduling order. Dkt. 78.

Defendants failed to answer Hayes' requests for admission within 30 days of the date that discovery was reopened. On October 7, 2019, Defendants' counsel received a follow-up letter from Hayes asking for responses. On November 5, 2019, Defendants filed

the pending motion to amend their admissions. Dkt. 80. Hayes never responded to Defendants' motion to amend admissions.

### III. LEGAL STANDARD

When a party fails to timely respond to requests for admissions, those requests are automatically deemed admitted. *See* Fed. R. Civ. P. Rule 36(a). "Any matter admitted under this rule is conclusively established unless the Court on motion permits withdrawal or amendment of the admission." *Id*. The Court has discretion to grant relief from an admission made under Rule 36(a) if (1) "it would promote the presentation of the merits of the action" and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b); *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (internal quotation marks and citations omitted).

"The first half of the test in Rule 36(b) is satisfied when upholding the admission would practically eliminate any presentation of the merits of the case." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). Under the second half of the Rule 36(b) test, "[t]he party relying on the deemed admission has the burden of proving prejudice." *Conlon*, 474 F.3d at 622. "The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted." *Hadley*, 45 F.3d at 1348, (quoting *Brook Village N. Assocs. v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)).

# IV. DISCUSSION

Defendants seek to amend five admissions made by default. Defendants state that their failure to respond to the requests was the result of clerical oversight; their counsel reportedly failed to calendar a deadline 30 days from when the discovery date was reopened on August 14, 2019, and only realized the mistake on October 7, 2019, when Defendants received a letter from Hayes asking for responses. Dkt. 80-1, at 4. Defendants argue that their motion "should be granted because (1) amendment will promote the presentation of the merits, and (2) amendment will not prejudice Mr. Hayes." Dkt. 80-1, at 2.

Hayes failed to respond to Defendants' motion. According to District Local Rule of Civil Procedure 7.1(e), unless the motion was brought under Federal Rule of Civil Procedure 56, "if an adverse party fails to timely file any response documents required to be filed under this rule, such failure may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application." Dist. Idaho Loc. Civ. R. 7.1(e).

Here, Defendants brought a motion under Rule 36. Hayes, as the adverse party, failed to timely file any response. The Court deems such unresponsiveness as consent to granting Defendants' Motion. Accordingly, the Court will review the merits of Defendants' motion but will treat it as if it was uncontested.

### A. Presentation on the Merits of the Action

The first prong of the test essentially asks whether allowing withdrawal or amendment of an admission will aid in the resolution of the case on the merits. *Gallegos v. City of Los Angeles*, 308 F.3d 987, 993 (9th Cir. 2002). Defendants' admissions are either

admissions that would prove their legal liability or are contradicted by Defendants' own arguments made prior to service of the request and by Hayes' own pleadings. Here, allowing Defendants to amend their admission would aid in the resolution of this case on the merits.

**B. Prejudice of Amendment in Maintaining the Action or Defense on the Merits**

"The party who obtained the admission has the burden of proving that withdrawal of the admission would prejudice the party's case." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). "When undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial." *Conlon*, 474 F.3d at 623. *See Sonoda v. Cabrera,* 255 F.3d 1035, 1039–40 (9th Cir. 2001) (holding, without further analysis, that the district court did not abuse its discretion by granting the Rule 36(b) motion to withdraw deemed admissions because the motion was made before trial and the nonmoving party would not have been hindered in presenting its evidence); *Hadley*, 45 F.3d at 1348 (focusing the prejudice inquiry on the unavailability of key witnesses and a sudden need to obtain evidence). However, when the motion is made during discovery, amendment or withdrawal of admissions is generally considered an inconvenience rather than a prejudice. *Hadley*, 45 F.3d at 1348.

Hayes failed to respond to Defendants' motion to amend, so he has not carried his burden of proving that withdrawal of the admissions would prejudice his case. Even if Hayes had not implicitly consented to the motion, Defendants' motion is made during discovery, so allowing amendment or withdrawal of admissions is inconvenient rather than prejudicial.

# V. ORDER

IT IS HEREBY ORDERED:

1. Defendants' Motion to Amend Admissions by Default (Dkt. 80) is **GRANTED**.

DATED: January 7, 2020

David C. Nye
Chief U.S. District Court Judge