UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL T. HAYES,<br><br>    Plaintiff,<br>v.<br><br>RACHEL NETTLES; MICHAEL MONTGOMERY; CHARLES JOHANNESSEN; and FELIX DIAZ,<br><br>    Defendants. | Case No. 1:16-cv-00534-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Michael T. Hayes's Motion to Compel. Dkt. 82. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. DISCUSSION

**A. Background**

In 2016, Hayes filed a Complaint alleging that a variety of his constitutional rights had been violated. Dkt. 1. Over the course of this case, the Court has determined that Hayes

could proceed only on his Eight Amendment excessive force and a single Fourteenth Amendment Due Process claim. Dkts. 11, 70.[1]

On April 10, 2019, Hayes filed a Motion to Open Discovery for the Fourteenth Amendment Due Process Claim (Dkt. 71), which the Court granted. Dkt. 78. Hayes also filed a "Motion for Subpoenas" (Dkt. 73), which the Court construed as a Motion to Compel. Dkt. 78, at 3. In his Motion to Compel, Hayes requested that the Idaho Department of Corrections ("IDOC") produce various pieces of evidence: (1) a video from the alleged battery; (2) an infraction report from the shower incident; (3) a list of officers in the control tower from certain specified days; and (4) any medical records concerning Hayes. Hayes also requested that Corizon produce any medical records pertaining to Hayes and the alleged battery, including urinary analysis tests. In the absence of a response from Defendants, the Court granted Hayes's Motion "to the extent that any of the information and material he [sought was] relevant and discoverable under the Federal Rules of Civil Procedure." *Id.*

On December 31, 2019, Hayes filed the pending Motion to Compel, arguing that Defendants—who are not the IDOC but employees thereof—have violated the Court's prior Order. Dkt. 82. Defendants counter that they have not violated the Court's Order because the evidence Hayes seeks has been disclosed, does not exist, or is not discoverable as it is not in their "possession, custody, or control." Dkt. 84. Because the time for briefs to be filed on the matter has passed, the Motion to Compel is ripe.

---

[1] The Court incorporates the aforementioned Orders, and the factual background set forth therein, by reference and will not repeat the specific facts of Hayes' claims here.

B. Analysis

Discovery is permitted "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." *Id.* A party may move for an order compelling a discovery response pursuant to Federal Rule of Civil Procedure 37(a)(3)(B). However, a party must produce only evidence that is within its "possession, custody, or control." *See* Fed. R. Civ. P. 34(a)(1); *United States v. Int'l Union of Petrol. & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). "The party seeking production of the documents . . . bears the burden of proving that the opposing party has" possession, custody, or control over the evidence requested. *Int'l Union of Petrol.*, 870 F.2d at 1452.

Hayes contends that Defendants have not produced the urinary analysis records or a November 8, 2015 infraction report and seeks an order of contempt, default judgment, and sanctions. As to the urinary analysis records, Defendants counter that they do not have possession, custody, or control over any of Hayes's medical records, and they are therefore not required to disclose any of them, particularly his urinary analysis records. Defendants point out that those records are held by Corizon and IDOC—a fact Hayes also argues in his Motion. *See* Dkt. 82, at 2–3 ("The [IDOC] and Corizon have a medical records contract for Corizon to file and keep all medical records for [IDOC] inmates.").

In the Ninth Circuit, documents are not discoverable under Rule 34 if the party that holds them "could legally—and without breaching any contract—continue to refuse to turn over such documents." *In re Citric Acid Litig.*, 191 F.3d 1090, 1107–08 (9th Cir. 1999); *see also Dugan v. Lloyds TSB Bank, PLC*, Case No. 12-cv-02549, 2013 WL 4758055, at

MEMORANDUM DECISION AND ORDER - 3

\*2 (N.D. Cal. Sep. 4, 2013) ("In the Ninth Circuit, control is defined as the legal right to obtain documents upon demand." (cleaned up)). "Like the majority of circuits, the Ninth Circuit has explicitly rejected an invitation to define control in a manner that focuses on the party's practical ability to obtain the requested documents." *Matthew Enter., Inc. v. Chrysler Grp. LLC*, No. 13-CV-04236-BLF, 2015 WL 8482256, at \*3 (N.D. Cal. Dec. 10, 2015) (cleaned up) (citing *In re Citric Acid*, 191 F.3d at 1107).

Nothing before the Court suggests that either Corizon or IDOC is contractually or legally required to disclose Hayes's medical records to Defendants—nor does Hayes so argue.[2] Thus, Hayes seeks the evidence from the wrong source. Because Defendants do not have possession, custody, or control over the urine analysis records, they have not violated the Court's prior Order. What's more, the Court commends Defendants for their facilitation of IDOC's in-house counsel's disclosure of the Hayes's medical records to him, which they were under no legal obligation to do but nonetheless did in the interest of judicial economy. *See* Dkt. 84, at 7.

As to the infraction report, Defendants assert that it does not exist and that they informed Hayes of this in a January 2017 letter to his public defender produced as part of their initial disclosures. Dkts. 84, at 6; 84-4; 84-5. Having reviewed the filings and record, the Court has confirmed the same.[3] Defendants cannot be forced to produce something that does not exist.

---

[2] In fact, Defendants point out that it is quite possible that the disclosure of Hayes's medical records to Defendants would be a violation of the privacy rules found in the Health Insurance Portability and Accountability Act of 1996, better known as HIPAA.

[3] Hayes also requests that his requests for admission be deemed admitted pursuant to Rule 36 due to Defendants' untimely and incomplete responses. Dkt. 82, at 8–11. However, the Court's previous Order

Accordingly, Hayes's arguments that Defendants violated the Court's Order are without merit, and the Court therefore DENIES his Motion.

## III. ORDER

The Court HEREBY ORDERS:

1. Hayes's Motion to Compel (Dkt. 82) is **DENIED**.

DATED: October 5, 2020

David C. Nye
Chief U.S. District Court Judge

---

(Dkt. 83) granting Defendants' Motion to Amend Admissions (Dkt. 80) addresses this issue and remains in force.

MEMORANDUM DECISION AND ORDER - 5